UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DWAYNE HOLLOWAY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:18-cv-00063-JMS-DLP ) |
| DR. SPENDENBURG, | ) ) |
| Defendant. | ) |

**Entry Granting Defendant's Motion for Summary Judgment**

Plaintiff Dwayne Holloway, an Indiana prisoner incarcerated at the Putnamville Correctional Facility, brings this civil rights action alleging that Dr. Spendenburg delayed treatment of Mr. Holloway's urinary tract infection by not placing a request for emergency surgery. Mr. Holloway alleges that he was in pain and the delay in treatment led to additional scar tissue that was later removed.

Presently pending before the Court is the defendant's motion for summary judgment which argues that the plaintiff's claims are barred under the exhaustion provision of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, that requires a prisoner to first exhaust his available administrative remedies before filing a lawsuit in court. Mr. Holloway has not responded to the motion and the time to do so has passed, leaving the defendant's motion unopposed. For the reasons that follow, the defendant's motion for summary judgment, dkt. [18], is **granted**

**I. Standard of Review**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty*

*Lobby, Inc.,* 477 U.S. 242, 248 (1986). The court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

As noted above, Mr. Holloway failed to respond to the defendant's motion for summary judgment, and the deadline for doing so has passed. The consequence is that Mr. Holloway has conceded the defendant's version of the events. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56 motion, but it does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn*, 129 F.3d 419, 426 (7th Cir. 1997).

Accordingly, the following facts, unopposed by Mr. Holloway and supported by admissible evidence, are accepted as true.

## II. Facts

At all times relevant to his claims, Mr. Holloway was incarcerated at Putnamville Correctional Facility ("Putnamville"). Putnamville maintained a grievance policy regarding complaints about prison conditions. The grievance process requires an inmate to attempt to resolve the grievance informally through officials at the facility by contacting staff to discuss the matter or incident subject to the grievance and seeking informal resolution. If the inmate is unable to

obtain a resolution of the grievance informally, he may submit a formal written complaint to the Grievance Specialist of the facility where the incident occurred. If the formal written complaint is not resolved in a manner that satisfies the inmate, he may submit an appeal within ten working days from the date of receipt of the formal grievance response. If the inmate receives no grievance response within twenty working days of the day he submitted the grievance, he may appeal as though the grievance had been denied.

Chris Williams is the grievance specialist at Putnamville and is the custodian of the facility's grievance records including, but not limited to, the initial grievance documents filed by inmates as well as responses and appeals. Mr. Holloway's grievance history log shows that he has only properly submitted one grievance during his incarceration, concerning a corrections officer at the Reception and Diagnostic Center in 2006. Furthermore, Mr. Holloway's informal and rejected grievance file contains only one informal grievance regarding laundry in October 2016. Dkt. 18-1.

### III. Discussion

The PLRA requires that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e; s*ee Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The requirement to exhaust provides "that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006) (citation omitted). Exhaustion of

available administrative remedies "'means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits).'" *Id.* at 90 (*quoting Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). Proper use of the facility's grievance system requires a prisoner "to file complaints and appeals in the place, and at the time [as] the prison's administrative rules require." *Pozo*, 286 F.3d at 1025; *see also Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

Because exhaustion is an affirmative defense, "the burden of proof is on the prison officials." *Kaba v. Stepp*, 458 F.3d 678, 680 (7th Cir. 2006). The burden is also on the defendant to establish that the administrative process was available to Mr. Holloway. *See Thomas v. Reese*, 787 F.3d 845, 847 (7th Cir. 2015) ("Because exhaustion is an affirmative defense, the defendants must establish that an administrative remedy was available and that [the plaintiff] failed to pursue it."). "[T]he ordinary meaning of the word 'available' is 'capable of use for the accomplishment of a purpose,' and that which 'is accessible or may be obtained.'" *Ross v. Blake,* 136 S. Ct. 1850, 1858 (2016) (internal quotation omitted). "[A]n inmate is required to exhaust those, but only those, grievance procedures that are capable of use to obtain some relief for the action complained of." *Id.* at 1859 (internal quotation omitted).

The undisputed facts demonstrate that Mr. Holloway did not complete the grievance process. The consequence of Mr. Holloway's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (holding that "all dismissals under § 1997e(a) should be without prejudice.").

## IV. Conclusion

The defendant has shown that Mr. Holloway failed to avail himself of all administrative remedies before filing this civil action. Therefore, the defendant's motion for summary judgment, dkt. [18], is **granted**. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 7/2/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

DWAYNE HOLLOWAY
129117
PUTNAMVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only

Douglass R. Bitner
KATZ KORIN CUNNINGHAM, P.C.
dbitner@kkclegal.com

Jeb Adam Crandall
BLEEKE DILLON CRANDALL ATTORNEYS
jeb@bleekedilloncrandall.com